UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM LYONS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PERRY RUSSELL, et al.,<br><br>　　　　　　Defendants. | Case No.: 3:23-cv-00335-MMD-CSD<br><br>**ORDER**<br><br>**(ECF Nos. 12, 15, 16)** |

　　　　State prisoner William Lyons brings this civil-rights action under 42 U.S.C. § 1983, contending that his rights were violated while he was incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). (*See* ECF No. 7). On March 11, 2024, the Court screened Plaintiff's first amended complaint, allowing claims to proceed, temporarily staying this action for 90 days, and referring it to the Court's Inmate Early Mediation Program. (ECF No. 9). A mediation conference is scheduled for April 30, 2024. (ECF No. 14). However, Plaintiff moves to disqualify the Nevada Attorney General's Office from representing any defendant in this action, arguing there is a conflict of interest because his brother filed a complaint with that office on his behalf contending that defendants' alleged conduct constitutes a crime against older and vulnerable persons. (ECF No. 12). He seeks clarification about the status of the mediation conference considering his disqualification motion and to receive complete copies of two documents that he filed with the Court. (ECF No. 15). And Plaintiff moves to exclude this action from mediation based on his disqualification motion. (ECF No. 16).

　　　　Plaintiff also repeatedly argues that the Court ordered the Attorney General's Office to respond to the disqualification motion by April 1, 2024, and it has failed to do so. (ECF Nos. 15 at 2, 16 at 2). Plaintiff's disqualification motion is not among papers the Court excepted from the temporary stay of this action. (*See* ECF No. 9 at 15–16). Docket text was automatically generated when Plaintiff filed his disqualification motion stating that responses to the motion are due by April 1, 2024. But the Court clarifies that it has

not ordered Interested Party NDOC to respond to that motion. And for the reasons discussed below, the Court denies Plaintiff's motions except to the narrow extent of ensuring that he receives a complete copy of documents he claims are missing pages.

I. **DISCUSSION**

Because of their potential for abuse, the Ninth Circuit has cautioned that "disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (cleaned up) (collecting cases). "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (collecting cases). Federal courts apply state law when determining whether to disqualify an attorney from representing a party. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). Under Nevada law, "[t]he party seeking to disqualify an attorney bears the burden of establishing that it has standing to do so." *State ex rel. Cannizzaro v. First Jud. Dist. Ct. in & for Cnty. of Carson City*, 466 P.3d 529, 531–32 (Nev. 2020) (cleaned up) (quoting *Liapis v. Second Judicial Dist. Court,* 282 P.3d 733, 737 (Nev. 2012)). "The general rule is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest." *Id.* (cleaned up) (quoting *Liapis*, 282 P.3d at 737; and Model Rules of Prof 1 Conduct R. 1.7 annot.).

Plaintiff lacks standing to move for disqualification. Plaintiff's evidence purports to show that his brother filed a consumer-complaint form with the Attorney General's Office on his behalf seeking to have the Nevada Attorney General's Office investigate and prosecute the defendants for crimes against older persons arising out of the events at issue in this action. (ECF No. 12 at 11–22). But Plaintiff provides no evidence that he is a current or former client of that office or any of its attorneys. As the Attorney General's Office explained in the letter it sent to Plaintiff declining to pursue the matters raised in his consumer-complaint form, the office "acts as legal counsel for state agencies and therefore cannot act as a private attorney to individual citizens." (ECF No. 12 at 31).

To the extent Plaintiff contends that there is an inherent conflict because the Nevada Attorney General's Office is required to investigate and prosecute the defendants, he is mistaken. Plaintiff's reliance on 42 U.S.C. § 1997a is misplaced: that statute authorizes the **United States** Attorney General to institute a **civil** action against state actors to correct "egregious or flagrant" unconstitutional conditions affecting institutionalized persons. The Nevada Attorney General is "a constitutional officer in the executive branch of government" whose various duties are established by the Nevada Legislature. *Whitehead v. Nevada Comm'n on Jud. Discipline*, 878 P.2d 913, 917 (Nev. 1994) (citing *Ryan v. District Court,* 503 P.2d 842, 844 (Nev. 1972); and Nev. Const. art. 5 § 19)). The Nevada Legislature has authorized the Attorney General's Office to investigate and prosecute certain crimes, but the office is not mandated to do so in every instance. *See, e.g.*, Nev. Rev. Stat. § 228.270 (providing that a unit within the Attorney General's Office "**may** investigate and prosecute alleged abuse, neglect, exploitation, isolation or abandonment of an older person or vulnerable person" (emphasis added)); § 228.170(2) (providing that "the Attorney General **may** investigate and prosecute any crime committed by a person" who is incarcerated or acting in concert with an incarcerated person or involves violation of NRS Chapter 212 (emphasis added)). The Nevada Legislature similarly has authorized the Attorney General to commence or defend a civil suit "**whenever the Governor directs or when, "in the opinion of the Attorney General," such course of action is "necessary**" "to protect and secure the interest of the State[.]" Nev. Rev. Stat. § 228.170(1) (emphasis added).

Neither Plaintiff's belief that the defendants committed criminal acts, nor the submission of his unsuccessful consumer-complaint form are sufficient to justify disqualifying the Nevada Attorney General from representing any defendant in this action or Interested Party NDOC. Plaintiff's motion to disqualify the Attorney General's Office is therefore denied.

This action is eligible to participate in the Court's mediation program. Plaintiff's belief that a conflict exists with the Nevada Attorney General's Office is the sole basis for

his motion to exclude this action from the mediation program. The Court has now denied the disqualification motion, and Plaintiff states in his most recent motion that he is willing to negotiate with the NDOC. (ECF No. 16 at 3). Considering the foregoing, this still appears to be a case where both sides could have productive settlement discussions and save resources by participating in the Court's mediation program. Plaintiff's motion to exclude this action from mediation is therefore denied.

What remains is Plaintiff's argument that he has not received "cover pages" for ECF Nos. 9 and 11 or the courtesy copy of his first amended complaint that was hyperlinked to the Court's screening order. (ECF No. 16 at 2). The Court assumes "cover page" means the electronic transmission receipt for ECF Nos. 9 and 11. Plaintiff argues that the prison's law library sent him incomplete copies of ECF Nos. 9 and 11 after he sent a kite complaining he did not receive those filings at all. (*Id.*) It is not clear if Plaintiff has alerted the law library that he received incomplete copies of these filings. Ordinarily, an inmate should attempt to resolve issues about missing or incomplete filings with the law library before filing a motion with the Court. But considering mediation is scheduled for later this month, the Court will direct the Clerk of the Court to send Plaintiff complete copies of the screening order (ECF No. 9), courtesy copy of the first amended complaint (ECF No. 9-1), and plaintiff's notice (ECF No. 11).

## II.    CONCLUSION

It is therefore ordered that Plaintiff's motion to disqualify the Nevada Attorney General's Office (ECF No. 12) is denied.

It is further ordered that Plaintiff's motion to exclude this action from mediation (ECF No. 16) is denied.

It is further ordered that Plaintiff's motion for clarification (ECF No. 15) is granted in part as to ensuring that Plaintiff receives complete copies of the screening order, first amended complaint, and notice; and the motion is denied in all other respects.

It is further ordered that the Clerk of the Court will send to Plaintiff complete copies of the screening order (ECF No. 9), courtesy copy of the first amended complaint (ECF No. 9-1), and his notice (ECF No. 11).

DATED THIS 10th day of April 2024.

_____
UNITED STATES MAGISTRATE JUDGE