1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6
7
8
9
10

WILLIAM LYONS,

                      Plaintiff,

    v.

PERRY RUSSELL, *et al.*,

                      Defendants.

Case No. 3:23-cv-00335-MMD-CSD

ORDER

11    **I.    SUMMARY**

12        *Pro se* Plaintiff William Lyons, who is incarcerated at Northern Nevada Correctional

13    Center ("NNCC"), filed this action against NNCC officials and medical personnel[1] under

14    42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging that

15    Defendants violated his civil rights when they detained him and 150 other prisoners on

16    NNCC's athletic field in excessive heat. (ECF No. 7 ("Amended Complaint).)[2] Before the

17    Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation

18    ("R&R"), recommending that the Court deny Plaintiff's motion for certification of a class

19    action (ECF No. 20 ("Motion to Certify"))[3] and deny as moot the motion to stay case

20    pending class certification (ECF No. 46). (ECF No. 47.) Plaintiff timely objected to the

21

22    [1]Defendants are Sergeant Sandra Walker, Marsha Goodfellow (sued as "Nurse
23    Marsha"), and Doe senior staff members. (ECF Nos. 9, 42 (voluntarily dismissing Defendant Julia Cross).)

24    [2]The Court screened the Amended Complaint and permitted Plaintiff to proceed
with an Eighth Amendment conditions of confinement claim against Walker; an Eighth
25    Amendment deliberate indifference to serious medical needs claim against Nurse Julia
and Marsha; and a Fourteenth Amendment equal protection claim against Walker and
26    Doe senior staff members, if and when Plaintiff learns their identities. (ECF No. 9.) The
Court also permitted Plaintiff to proceed with ADA and Rehabilitation Act ("RA") claims
27    against Walker and Doe staff members in their official capacities. (*Id.*) Plaintiff requests
declaratory and injunctive relief, as well as damages. (ECF No. 7 at 12.)

28
    [3]Defendants responded (ECF No. 29) and Plaintiff replied (ECF No. 35).

1    R&R (ECF No. 50 ("Objection"))[4] and Defendants responded to the Objection (ECF No.

2    52 ("Response")).

3    　　　　Reviewing the Motion to Certify *de novo*, the Court finds that the class certification

4    factors set out in Fed. R. Civ. P. 23 present a close question which may benefit from

5    further counselled briefing. Accordingly, the Court will adopt the recommendations in the

6    R&R (ECF No. 47) but will deny the Motion to Certify without prejudice. The Court will *sua*

7    *sponte* refer this case to the Pro Bono Program to appoint counsel for the purpose of

8    determining whether a renewed motion to certify a class action or to pursue other

9    collective relief is merited and serving as counsel for any such relief.

10   **II.    DISCUSSION[5]**

11   　　　　This Court "may accept, reject, or modify, in whole or in part, the findings or

12   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

13   timely objects to a magistrate judge's R&R, the Court is required to "make a *de novo*

14   determination of those portions of the R&R to which objection is made." *Id.* Lyons objects

15   to Judge Denney's recommendation to deny class certification. (ECF No. 50.) The Court

16   will thus review Plaintiff's Motion to Certify *de novo*.

17   　　　　**A.    Motion to Certify (ECF No. 20)**

18   　　　　Lyons moves to certify a class including several named plaintiffs (including himself,

19   David Thompson, Robert Jones, Percey Lee Ric'e, and William Thompson), as well as

20   more than 150 unnamed class members. (ECF No. 20.) Each of the named class

21   members has filed an individual lawsuit under Section 1983 related to a July 11, 2021,

22

23

24   　　　　[4]Plaintiff subsequently filed a second document (ECF No. 51) titled "notice to the
25   Court regarding objection to Magistrate Judge's R&R," in which he explained that his
     original Objection may not have been received by the November 12, 2024, deadline,
26   because of delayed processing by the NNCC library. However, the original Objection
     (ECF No. 50) was in fact docketed by the deadline, so the Court finds any request in
27   Plaintiff's second filing (ECF No. 51) moot.

28   　　　　[5]The Court adopts the summary of the relevant background included in the R&R
     where otherwise consistent with this order.

1    excessive heat event at NNCC.[6] (ECF Nos. 20, 47 at 3.) Plaintiff requests that the Court

2    define the class as prisoners housed in NNCC's Unit 3 or Unit 1 who were exposed to

3    extreme heat for at least 20 minutes between 11:15 a.m. and 2:45 p.m. on July 11, 2021,

4    and who may or may not have suffered injury. (ECF No. 20.)

5         "The class action is 'an exception to the usual rule that litigation is conducted by

6    and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564

7    U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Under

8    Rule 23, a party seeking certification must first satisfy four prerequisites: "(1) the class is

9    so numerous that joinder of all members is impracticable; (2) there are questions of law

10   or fact common to the class; (3) the claims or defenses of the representative parties are

11   typical of the claims or defenses of the class; and (4) the representative parties will fairly

12   and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). If the

13   requirements in subsection (a) are fulfilled, the proposed class must also satisfy at least

14   one of the separate standards in Rule 23(b). *See* Fed. R. Civ. P. 23(b) (providing three

15   circumstances which support a class action).

16        In the R&R, Judge Denney recommends that the Court deny Plaintiff's Motion to

17   Certify because Plaintiff has not satisfied the second and fourth prerequisites set out in

18   Rule 23(a)—that is, the requirements to show questions of law or fact common to the

19   class and to show the representative parties will fairly and adequately protect the interests

20   of the class. (ECF No. 47 at 3-6.) Applying *de novo* review, the Court denies the Motion

21   to Certify, but does so without prejudice, finding that an analysis under Rule 23(a)

22   implicates important questions which may merit further elaboration beyond the briefing

23   on the underlying Motion—especially with regard to the typicality factor set forth in Rule

24   23(a)(3), which is not the primary focus of the R&R, Objection, or Response.

25        The Court first concludes that the factual circumstances Judge Denney identifies

26   under an analysis of commonality, *see* Fed. R. Civ. P. 23(a)(2), may more directly go to

27

28        [6]At least one of these cases has subsequently been dismissed for failure to pay
     the filing fee or file a complete application to proceed *in forma pauperis*. *See Thompson
     v. Russell*, 3:23-cv-345-ART-CLB.

1   typicality, *see* Fed. R. Civ. P. 23(a)(3). To show commonality, "[P]laintiff [must]

2   demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at

3   349-50 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157

4   (1982)). It is not sufficient that "they have all suffered a violation of the same provision of

5   law." *Id.* at 350. Rather, the "common contention . . . must be of such a nature that it is

6   capable of classwide resolution—which means that determination of its truth or falsity will

7   resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

8       In his Objection, however, Plaintiff correctly notes that injuries need not be truly

9   identical to support commonality. (ECF No. 50 at 5-6.) Some discrepancy in impact

10  between prisoners does not, by itself, defeat the common injury requirement to the extent

11  Plaintiff seeks to bring class constitutional claims against Sergeant Walker and Doe

12  Senior Staff members for their decisions during a single event. Courts have regularly

13  found—including in the prison context—that class actions raising constitutional

14  challenges regarding a defendant's conduct may satisfy the commonality requirement.

15  *See, e.g.*, *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) (finding commonality satisfied

16  for state prisoners' Eighth Amendment declaratory and injunctive relief claims related to

17  conditions of confinement and deficiencies in medical services, because prisoners

18  alleged statewide and systemic exposure to harm); *Cameron v. Bouchard*, 462 F.Supp.3d

19  746 (E.D. Mich. 2020) (finding at least one common question existed for prisoners

20  alleging that a county sheriff had acted with deliberate indifference to the risks of COVID-

21  19, regarding conditions in the county jail), *vacated on other grounds*, 815 Fed. Appx. 978

22  (6th Cir. 2020). *See also* 7A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Pro. Civ.

23  § 1763.1 (4 ed. 2024) ("The key in many of these cases is whether there is evidence that

24  defendant engaged in a common course of conduct directed at all the plaintiffs or whether

25  there is a common unlawful policy that has injured the class as a whole.").

26      In the instant case, Plaintiff alleges specific unconstitutional conduct stemming

27  from a single primary incident. He does not appear to be merely attempting to aggregate

28  individual claims of mistreatment, and the Court hesitates to conclude based on the

4

current *pro se* briefings alone an absence of commonality under Rule 23(a)(2). *See Gonzalez v. U.S. Immigr. and Customs Enf't*, 975 F.3d 788 (9th Cir. 2020). However, the Court shares Judge Denney's concern regarding differences in factual circumstances between named and unnamed class members. (ECF No. 47 at 4-5.) Some of these factual circumstances also appear to implicate the requirement under Rule 23(a)(3) that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." *See also* 7A Fed. Prac. & Pro. Civ. at § 1764 (collecting cases and noting that typicality may be at issue in "actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of fact or law are present"). *Compare Parsons*, 754 F.3d (finding typicality), *with Gustafson v. Polk County, Wis*., 226 F.R.D. 601 (W.D. Wis. 2005) (finding no typicality in a Section 1983 action involving strip searches at a county jail, where the nature of the searches was inconsistent). Here, Plaintiff alleges that while some prisoners were exposed to hours of sun on the prison field, the "C-Wing men" returned to their unit after approximately an hour outside, and others were allowed to access shade and relief. (ECF Nos. 20, 47 at 5.) And class members suffered varying injuries that may have other causes, rather than the heat incident. Lyons alleged that he suffered second-degree burns that led to skin cancer, but the other named class members suffered different kinds of injuries, ranging from migraine headaches to worsening vertigo. Moreover, some alleged class members may have disability-based claims based on multiple legal theories, and varied damages calculations may be required. In short, taken together with commonality, whether the typicality requirement is satisfied presents a close question, but Lyons has not demonstrated that he meets these prerequisites in his *pro se* filings.

Judge Denney further concludes that under Rule 23(a)(4), the proposed named plaintiffs are "not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class," primarily because a *pro se* plaintiff may not appear as an attorney for others in a class action. (ECF No. 47 at 5-6.) *See* Fed. R. Civ. P. 23(a)(4). It is indeed true that as a *pro se* plaintiff, Lyons may not

1    serve as class counsel. *See, e.g.*, *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.

2    1962). However, as explained below, the Court will *sua sponte* appoint pro bono counsel.

3    Accordingly, the Court will adopt Judge Denney's recommendation to deny Plaintiff's *pro*

4    *se* Motion, but the denial will be without prejudice.[7]

5    **B.    Referral to the Pro Bono Program**

6    Considering the complexity of the class action issue alongside the nature of the

7    allegations in Plaintiff's Complaint, the parties' respective filings, and the R&R at this

8    stage of the litigation, the Court finds that exceptional circumstances merit the

9    appointment of pro bono counsel.[8]

10   Courts have discretion to designate counsel under 28 U.S.C. § 1915(e)(1) in

11   exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

12   Determining whether exceptional circumstances exist requires evaluating "the likelihood

13   of success on the merits [and plaintiff's ability] to articulate his claims *pro se* in light of the

14   complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

15   1983). Here, Plaintiff has demonstrated at least some likelihood of success on the merits

16   of his own claims, and class certification is a complex legal question intertwined with the

17   allegations and relief requested in the Complaint. Moreover, Lyons' claims relate to a

18   defined event that impacted numerous Nevada prisoners, and a determination as to any

19   appropriate relief may itself be complex and have broad impacts, especially as high

20

21       [7]The Court again notes that a class action inquiry must also meet one of the
         standards in Fed. R. Civ. P. 23(b). Judge Denney did not reach a 23(b) analysis in the
22       R&R.

23       [8]In its screening order, the Court denied Plaintiff's original motion for appointment
         of counsel without prejudice, finding that based on the initial filings, Plaintiff had not
24       demonstrated exceptional circumstances or complex claims justifying appointment of
         counsel. (ECF No. 4 at 12.) Plaintiff subsequently filed a second motion for appointment
25       of counsel for class action purposes (ECF No. 21), and Defendants opposed the second
         motion "to the extent [Lyons] seeks counsel solely to gain certification of a class action,"
26       arguing that the new motion presented no new exceptional circumstance and should be
         treated as a motion for reconsideration (ECF No. 30 at 1). Judge Denney denied Plaintiff's
27       second motion without prejudice, without reaching the parties' substantive arguments,
         providing that Plaintiff could renew the request if the Court were to grant the Motion to
28       Certify. (ECF No. 45.) At this stage of the litigation, however, the Court finds it appropriate
         to use its discretion to appoint counsel.

1    summer temperatures become increasingly common.[9]

2        Accordingly, the Court *sua sponte* refers this case to the Pro Bono Program

3    adopted in General Order 2019-07 for the purpose of identifying pro bono counsel. The

4    scope of the pro bono appointment will be limited to evaluating the appropriateness of a

5    renewed motion to certify a class action and/or pursue other collective relief related to the

6    2021 heat incident at NNCC, and thus to Plaintiff's claims to the extent they extend to a

7    class of prisoners.[10]

8        Finally, the Court further adopts Judge Denney's recommendation to deny

9    Plaintiff's motion to stay pending class certification (ECF No. 46) as moot. However, the

10   Court will stay this case pending appointment of pro bono counsel and until after the

11   setting of a status conference.

12   **III.   CONCLUSION**

13       The Court notes that the parties made several arguments and cited to several

14   cases not discussed above. The Court has reviewed these arguments and cases and

15   determines that they do not warrant discussion as they do not affect the outcome of the

16   motions before the Court.

17       It is therefore ordered that Plaintiff's Objection (ECF Nos. 50, 51) to Judge

18   Denney's Report and Recommendation (ECF No. 47) is overruled.

19       It is further ordered that Judge Denney's Report and Recommendation (ECF No.

20   47) is accepted and adopted only for the reasons and to the extent described in this order.

21   _____

22       [9]In their response to Plaintiff's earlier motion to appoint counsel for class
     certification purposes, Defendants argued that there is "no evidence in the record to
23   suggest Lyons is incapable of representing himself." (ECF No. 30 at 3.) In addition, they
     turn to an unreported district-court holding that a plaintiff's desire to certify a class does
24   not qualify as an exceptional circumstance, despite the "Catch-22 situation" created by
     "denying [pro se plaintiffs] appointment of counsel because they appear able to articulate
25   their claims, and then denying them class certification because they are not capable of
     litigating a class action without the assistance of counsel." *Goolsby v. Cate*, Case No.
26   1:13-CV-00119-GSA-PC, 2013 WL 2403385, at *3 (E.D. Cal. May 31, 2013). The Court
     finds *Goolsby* and other district court cases reaching similar conclusions unpersuasive,
27   considering the particular posture and allegations in this case which make the
     circumstances exceptional.

28       [10]If and when pro bono counsel is appointed, the Court will set a status conference.
     Pro bono counsel may elect to continue representation beyond the scope of this order.

7

1    It is further ordered that Plaintiff's motion for certification of a class action (ECF No.

2    20) is denied without prejudice, with leave to file a renewed motion for class certification

3    or to take other appropriate action through appointed pro bono counsel as set out in this

4    order.

5    It is further ordered that the Court *sua sponte* refers this case to the Pro Bono

6    Program adopted in General Order 2019-07 for appointment of pro bono counsel for the

7    limited purpose described in this order. By referring this case to the Program, the Court

8    is not expressing an opinion as to the merits of the case. Following the appointment of

9    pro bono counsel, the Court will set a status conference.

10    It is further ordered that Plaintiff's motion to stay case pending class certification

11    (ECF No. 46) is denied as moot.

12    It is further ordered that this case is stayed pending appointment of pro bono

13    counsel and the setting of a status conference.

14    The Clerk of Court is directed to forward this order to the Pro Bono Liaison.

15    DATED THIS 24th Day of January 2025.

17    _____
      MIRANDA M. DU
18    UNITED STATES DISTRICT JUDGE